### FRANK CODY v. THE STATE.

*No. 508.  Decided October 26.*

**1. Misdemeanor and Felony Theft—Charge of the Court.**—An employe, having dominion and custody of certain of his employers' property, without their knowledge or consent, on January 20, sold twenty sacks of cotton seed meal for $1 per sack, which he delivered in three successive trips from the place of storage to the place of delivery.   The defense was, that each sale was a separate transaction, running through a week.   The court charged the jury, that before they could convict of a felony they must be satisfied beyond a reasonable doubt that defendant took during one day a sufficient amount of cotton seed meal to be of the reasonable value of $20 or over.   *Held,* error.   The felonious character of a theft can not be fixed by the amount which may be stolen in one day.   The converse is the general rule, that property taken at one time and one place, constitutes one transaction and one offense, and no aggregation of distinct and separate misdemeanors will make a felony.   But see the opinion for exceptions to the rule, to which category this case does not belong.

**2. Same—Embezzlement.**—Conviction for embezzlement can not be had under an indictment for theft.   In this case the defendant, being the employe, came into possession of his employers' goods in the due course of his employment, and his unauthorized disposition of the same constituted embezzlement and not theft.

APPEAL from the District Court of the Fourteenth Judicial District of Dallas.   Tried below before Hon. R. E. BURKE.

The conviction was for felony theft of cotton seed meal, and the penalty assessed by the verdict was a term of two years in the penitentiary.

The opinion fully discloses the case.

No brief for the appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Defendant was convicted of stealing twenty sacks of cotton seed meal, of the value of $1 per sack, and sentenced to two years in the State penitentiary, from which judgment he appeals.

It is only necessary to notice two of the errors assigned, as they are decisive of the case.

1.  The evidence shows that defendant was employed by Nausbaum & Co., butchers, in the city of Dallas, for the sole business of hauling sacks of bran, cotton seed, and cotton seed meal from the cars to the sheds where they were stored, and hauling them thence to the cattle pens, where they were .fed by him to the cattle; that he was so engaged for some months, when, about the 20th of January, 1892, without the knowledge or consent of Nausbaum & Co., he sold twenty sacks of cotton seed meal, worth $1 per sack, to Simon & Son, and delivered them in three parcels, hauling them in successive trips from the cars to Simon & Son's store. The defense was, that Simon & Son bought the meal from defendant, but that it was sold to them on separate occasions, running through a week; and that they bought altogether twenty sacks only. The State introduced testimony to prove that the meal was sold and delivered on the same day, and by continuous trips. The court charged the jury, that before they would convict the defendant of a felony they must be satisfied beyond a reasonable doubt that defendant took during one day a sufficient amount of cotton seed meal to be of the reasonable value of $20 or over. We know of no law in this State by which a felony is to be gauged or determined by the amount which may be stolen in one day. On the contrary, the rule generally is, that property taken at one time and one place constitutes one transaction and one offense, and no aggregation of distinct and separate misdemeanors will make a felony.

There is, however, an apparent exception to the rule, to which the trial court may have referred; that is, when several articles or things in bulk are taken by continuous acts, there being one purpose, one impulse, the act is one, without regard to time (1 Whart. Ev., 931); as where one drives at night a wagon to the fence, and carries cotton from a pile in the field, thirty yards off, to his wagon, which he filled, and drove away. Though taken by successive baskets full, it was a theft of the wagon load, and its value being over $20, was a felony. So, where one breaks into a store at night, and carries out by successive trips as much goods as he wished, the amount taken in the aggregate is the amount stolen. So, where one unlocked a money drawer of his employer, in which was $51, and had taken out $6 when detected, this court held that he had taken the whole amount in the drawer, because he had dominion over it, with power to take it into his possession. Harris v. The State, 29 Texas Ct. App., 101.

In Rex v. Birdseye, 4 Car. & P., 386, Justice Littledale held, that where defendant ran away with some pork, and in a few minutes came back and got a bowl, it was a continuous transaction, though he thought

that the prisoner returning half an hour later and carrying away the loaf was a distinct transaction. In Scarver v. The State, 53 Mississippi, 409, the court says: "It is true, that where there is one continuous transaction, the thief may be convicted of the final carrying away, although there may have been several distinct asportations, in the view of the law; but where there are successive larcenies, each complete and distinct, and not constituting one continuous transaction, the mere retention and possession by the thief of the fruits of his petit larcenies does not make him guilty of grand larceny." It is to be observed, however, that whether it is one continuous transaction, or distinct and separate transaction, is a question for the jury, and it can not arbitrarily be fixed by the court at one day, or at any other definite period. In the case at bar defendant had custody and control of his employers' cattle feed, and the question was, did he sell Simon & Son one ton of cotton seed meal, and deliver the same with ordinary diligence, or was each delivery a separate transaction ?

2. But appellant insists that he is guilty of embezzlement, and not of theft, and could not be convicted under the present indictment. Article 786 declares that if any servant or employe of any private person or co-partnership shall embezzle or convert to his own use, without the consent of his employer, any property of such employer which may come into his possession by virtue of such employment, he shall be punished in the same manner as if he had committed a theft of such property. Under the very terms of the statute the offense of which this defendant is guilty must be embezzlement, and not theft. Mr. Bishop, in speaking of the difference between embezzlement and larceny, says: "Goods, to be the subject of larceny, must have been in the possession, actual or legal, of the master before passing into the custody of the servant; for if they are delivered by a third person to the servant for the master, and before they have reached their ultimate destination the servant converts them to his own use, the offense may be embezzlement, but not larceny." 2 Bish. Crim. Law, sec. 855. The bags of cotton seed meal were hauled from the possession of the railway company to the feed store of Simon & Son, and there delivered by defendant, and never were in the custody or possession of Nausbaum & Co. Article 742a, Penal Code, has no reference to this character of case. In Huntsman's case, 12 Texas Court of Appeals, 620, this court held, that the offense of embezzlement and theft were incompatible and distinct; that in one was involved the element of a breach of trust, which could not exist in the other; and a conviction for embezzlement could not be sustained under an indictment for theft. We think both errors are well taken, and the cause is reversed and remanded.

*Reversed and remanded.*

Judges all present and concurring.