**Iva Lee BULLET, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51821.**

Court of Criminal Appeals of Texas.

July 19, 1976.

Sam H. Bass, Jr., Freeport, for appellant.

Ogden Bass, Dist. Atty., Thomas W. Watson, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of theft of service under V.T. C.A., Penal Code, Section 31.04. The court assessed punishment at six months, probated, and a fine of $250.00.

Appellant contends that the indictment does not allege an offense and that the evidence is insufficient to support the conviction.

V.T.C.A., Penal Code, Section 31.04, reads, in part, as follows:

"(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

"(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token; or

"(2) having control over the disposition of services of another to which he is not entitled, he intentionally or knowingly diverts the other's services to his own benefit or to the benefit of another not entitled to them."

It should be noted that theft of service can either be by deception, threat, or false token under Section 31.04(a)(1), supra, or by diversion under Section 31.04(a)(2).

The information, omitting the formal parts, reads as follows:

"Iva Lee Bullet did intentionally and knowingly by *deception,* secure performance of a service, namely telephone service, of the value of more than Twenty ($20.00) Dollars but less than Two Hundred ($200.00) Dollars, intending to avoid payment for the service and knowing that the service is provided only for compensation; . . ." (Emphasis supplied)

We will discuss the sufficiency of the evidence. The record reflects that appellant was tried before a jury on a plea of not guilty. The evidence adduced at the trial showed that appellant had been employed by John and Jackie Maxwell as a maid from January 5, 1975, through January 16, 1975. Jackie Maxwell testified that appellant had been instructed not to use the telephone for long distance calls. John Maxwell testified that he did not give appellant permission to use the telephone for long distance calls. Steve Maxwell, the fifteen-year-old son of the Maxwells, testified that he was in the room on one occasion when appellant picked up the telephone and said, "Hello," and "Yes, I will accept." He left the room and, when he came back into the room, appellant said, "I will call you back later," and hung up the telephone. Then she turned to him and stated that it had been a collect call for her and that his mother said it was okay.

Paul Shaw, manager of the Brazosport-Angleton area for Southwestern Bell, identified and submitted to the court the record of long distance telephone calls charged to the telephone number 297–4528. Mrs. Maxwell on recall identified 297–4528 as the telephone number at her residence when appellant was employed as a maid. She then testified as to which long distance calls she had made. Mr. Maxwell was recalled for the same purpose as was Steve Maxwell. The testimony showed that no other members of the family or friends had used the telephone and that several long distance telephone calls had been made.

The issue thus presented is whether or not the evidence is sufficient to show that appellant secured performance of a service; namely, telephone service, by deception as charged in the information. "Deception" is defined in V.T.C.A., Penal Code, Section 31.01(2), as follows:

"(A) creating or confirming by words or conduct a false impression of law or

fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

"(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

"(C) preventing another from acquiring information likely to affect his judgment in the transaction;

"(D) selling or otherwise transferring or encumbering property without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property, whether the lien, security interest, claim or impediment is or is not valid, or is or is not a matter of official record; or

"(E) promising performance that is likely to affect the judgment of another in the transaction that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed."

The evidence presented does not show that the services secured by appellant were done through deception. What the evidence does establish is that appellant had diverted services to her own use in violation of Section 31.04(a)(2), supra, but the complaint and information charge a violation of Section 31.04(a)(1). The proof is insufficient to support the charge.

For this reason the conviction must be reversed.[1]

ONION, Presiding Judge (concurring).

I concur in the results reached by the opinion authored for the court by Judge Douglas, but take vigorous exception to footnote # 1. The information charged theft of service under one mode of V.T.C.A., Penal Code, Section 31.04, while the proof showed the other mode. If this case is to be re-tried, most likely there will have to be a new information filed so as to correspond to the proof available. Since the present information will therefore not likely be used, I see no necessity for this court, with the heaviest caseload of any State appellate court in this nation, to write upon the sufficiency of an information that does not control the proper disposition of the case before this court. While I have great doubts about the sufficiency of the information, as I think would be entertained by most fair-minded members of the bench and bar, despite certain form books published prior to any interpretation of the new Penal Code by this court, I resent the implication in said footnote # 1 of the court's opinion that the majority has declined to write on a subject not necessary to the proper disposition of this case, when even the writer of the opinion does not state his view that the information is sufficient. I did not think until today that Judge Douglas approved of this court engaging in the practice of issuing declaratory judgments.

---

1. Appellant contends that the information is insufficient in that it does not allege "from who" the theft of services was taken; "to whom" there was, if any, a failure to pay for the services. A majority of the Court is of the opinion that the information is insufficient to allege an offense but it does not choose to write upon the subject because of the reversal upon the insufficiency of the evidence. Cf. the forms in Branch's Ann.P.C. 3rd, Section 31.04, page 498, and New Texas Penal Code Forms, Morrison & Blackwell, Chapter 31, page 39.

It is difficult for this writer to understand how the presiding judge in his concurring opinion does not appreciate someone else doing a little bit of what he does so much of and that is, writing on many subjects that are not necessary for the determination of a case. His writings include lectures to trial judges and attorneys on questions not raised in the case as well as other dictum. For an example of dictum and declaratory judgments, see *Olson v. State*, 484 S.W.2d 756 (Tex.Cr.App.1969), where the presiding judge wrote an opinion on motion for rehearing which consisted mostly of dictum and overruled many cases on at least three subjects, none of which was necessary to the decision. See also *Brumfield v. State*, 445 S.W.2d 732 (Tex.Cr.App.1969), another of the many dictum filled opinions.