**Vernon KEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 53812.

Court of Criminal Appeals of Texas.

Sept. 21, 1977.

William H. Scott, Jr., Houston, for appellant.

Ronald L. Wilson, Dist. Atty. and David E. Garner, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of theft of services. See V.T.C.A. Penal Code, Sec. 31.04(a)(1). Punishment was assessed at a fine of twenty-five dollars.

The record reflects that in the evening of November 29, 1975, appellant and his wife

went to the Balinese Room in Galveston, incurred a bill of $28.75 for beverages ordered and consumed by them there, and engaged in a physical altercation with employees of the establishment. Although appellant had more than enough money in his wallet to pay the bill, he declined to pay. Officers were called, and appellant and his wife were arrested.

Appellant's eighth ground of error reads: "The trial court misinformed and misdirected the jury in the court's charge in that part wherein, in the application of the law to the facts, the jury was instructed that it might convict the defendant if it found the performance of service was secured 'by deception, threat, or false token', for the reason (as pointed out in defendant's objections and exceptions to the court's charge which was heard and overruled by the trial court (R 164)) that the charge permitted the jury to convict defendant for a different offense than that charged in the complaint and information, which charged commission of the offense, not by deception or threat, but by false token alone."

The information and the complaint charged that on November 29, 1975, in Galveston County,

"Vernon Key did then and there with intent to avoid payment for alcoholic beverage service that he knew was provided by Balinese Room only for compensation, did intentionally and knowingly secure performance of said service of the value of more than twenty dollars ($20.00) but less than two hundred dollars ($200.00) by false token, to-wit: by obtaining the alcoholic beverage service and refusing to pay for it . . ."

V.T.C.A. Penal Code, Sec. 31.04, Theft of Service, Subsection (a)(1), provides:

"(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

"(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token; or
. . ."

In the charge to the jury, the court after setting out the substance of the above portion of Sec. 31.04 of the Code stated:

"You are further instructed that in the event you do find beyond a reasonable doubt that the defendant 'did on or about the 29th day of November 1975 with intent to avoid payment for service that he knew was provided only for compensation did intentionally and knowingly secure performance of an alcoholic beverage service from the Balinese Room by *deception, threat,* or false token' and said service was valued at $20.00 or more but less than $200.00, you will find the defendant guilty and so say by your verdict.

"You are further instructed that in the event you do not find beyond a reasonable doubt that the defendant did on or about the 29th day of November 1975, with intent to avoid payment for service, that he knew was provided only for compensation, did intentionally and knowingly secure performance of the service from the Balinese Room by *deception, threat,* or false token, and that said service was valued at $20.00 or more, but less than $200.00, or if you have a reasonable doubt thereof, you then acquit the defendant and find the defendant not guilty." (Emphasis added)

Appellant timely in writing objected to the foregoing portions of the charge, since they "fail to limit the law to a violation accomplished by false token (the means alleged in the information)." The objection was overruled by the court.

In *Morter v. State,* Tex.Cr.App., 551 S.W.2d 715, in holding as fundamental reversible error a provision in the court's charge allowing the jury to convict if it found the defendant guilty of conduct under the applicable statute which conduct was not alleged in the indictment, this Court said:

"We now turn to the fundamental error which we recognize. 'It is fundamental that a conviction for an offense cannot stand unless the charge authorized the jury to find a defendant guilty only for

conduct constituting that offense (citation); the *indictment alleged such conduct* (citations); and the evidence at trial showed such conduct (citations).' (Emphasis added). *Dowden v. State,* 537 S.W.2d 5, 6 (Tex.Cr.App.1976).

"In *Moore v. State,* 84 Tex.Cr.R. 256, 206 S.W. 683 (1918), this Court recognized fundamental error and held that:

'Wherever the indictment charges an offense, the facts and the charge of the court must conform to the charges contained in the indictment, and it is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment.' Id., at 684.

\* \* \* \* \* \*

"In *Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940), this Court found fundamental error and held:

'The rule is universal and has been emphasized frequently by appellate courts, and in a great number of cases by the appellate courts of this state, that the charge must be limited to the allegations in the indictment. A jury would not be authorized to convict appellant of any other offense than that specifically charged, and the court should confine the consideration of the jury in the charge to the allegation contained in the indictment.' Id., at 178, quoting, *Emerson v. State,* 54 Tex.Cr.R. 628, 114 S.W. 834, 835 (1908)."

See also *Ross v. State,* 487 S.W.2d 744.

In the instant case the information alleged the violation "by false token, to-wit," etc. Although it did not allege a violation by deception or threat, the court authorized a conviction if the jury found a violation by either of those means, as well as false token, and required a reasonable doubt as to whether appellant did commit the offense by false token, deception, *or* threat in order to return a verdict of not guilty. The court erred to the prejudice of appellant in authorizing a conviction on conduct not alleged in the information.

We need not decide whether this case presents fundamental error since appellant timely objected to the failure of the court to limit the law to a violation by false token, as alleged in the information, and appellant presents the error on appeal in his eighth ground. The contention made in such ground of error is sustained. The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.