**Samford TUCKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55549.**

Court of Criminal Appeals of Texas.

Oct. 19, 1977.

---

Walter L. Irvin, Dallas, for appellant.

Tom O'Connell, Dist. Atty., Verla Sue Holland and George E. Gasper, Asst. Dist. Attys., McKinney, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before the court appellant was convicted of theft of property of the value of $200 or over and less than $10,000. Punishment was assessed at ten years.

In his first ground, appellant complains of error of the court "in not fully admonishing defendant as to the consequences of his plea of guilty." Appellant's entire discussion and argument under this ground are contained in one short paragraph, which reads as follows:

"The Court did not admonish the Defendant 'that if he persist his plea of guilt and if the evidence shows the Defendant to be guilty then he must find Defendant guilty.' (Defendant's Quote) This statement from the Court is required to fully explain to the Defendant the essence of his plea (See R.). The failure of the Court to give the Defendant this warning constitute reversible error."

█ The trial was conducted October 25, 1976, after the amendment of Art. 26.13, V.A.C.C.P., effective June 19, 1975. In addition to the other admonishments given appellant in compliance with the statute, including the statutory range of punishment, the court, in accepting the plea of guilty, stated to appellant that it would "find you guilty on the plea if the evidence presented proves you guilty, and will then assess your punishment somewhere in the range provided by law." Although the above statement is not included in the admonishments required by Art. 26.13, V.A.C.C.P, as amended, it reflects that the complaint of appellant as set forth in his argument under his first ground is wholly without merit on the facts.

Our review of the court's admonishments reflects substantial compliance with the provisions of Art. 26.13, V.A.C.C.P. Appellant makes no contention that he was not aware of the consequences of his plea or that he was misled or harmed by the admonishments of the court. The first ground of error is overruled.

In his second ground, appellant alleges the indictment to be fatally defective. We quote his entire argument thereunder as follows:

"The indictment purports to be one wherein the State seeks to aggregate the amounts to enhance the grade of the offenses. The indictment is fundamentally defective in that it does not identify the sources of the theft.

"Further the indictment fails to plead sufficiently the nature of the scheme or continuing course of conduct in a manner to appropriately put Defendant on notice in order to properly prepare a defense."

No motion to quash was filed in the trial court, and this complaint is made for the first time on appeal.

The indictment alleges that appellant, on the following dates in April, 1976, did then and there

"knowingly and intentionally and with intent to deprive Richard Mallett, the owner, unlawfully obtain property other than real property, as follows, to-wit:

"on or about the 10th day of April, 1976, 40 sheets of $\frac{3}{8}$ inch plywood at a value of One Hundred Fifty Dollars ($150.00)

"on or about the 17th day of April, 1976, 47 sheets of $\frac{3}{8}$ inch plywood at a value of One Hundred Seventy-Six Dollars and twenty-five cents ($176.25)

without the effective consent of Richard Mallett, the owner, thereof, and with intent to deprive Richard Mallett, of said property and all said amounts were obtained, as alleged, in one scheme and continuing course of conduct, and the aggregate amount of the amounts stolen was of a value of more than Two Hundred Dollars and less than Ten Thousand Dollars."

V.T.C.A. Penal Code, Sec. 31.09, provides: "When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense."

As stated in Texas Annotated Penal Statutes with Forms, Branch's 3rd Ed., Sec. 31.09, page 521,

"This section represents a rather radical departure from our present law. Even though the thefts are committed from different persons, if they are done in 'one

scheme or continuing course of conduct,' it may be considered as one offense and the amounts aggregated in determining the grade of the offense. The basis for the reasoning here is that the appropriate penal section is not necessarily determined by the amount one steals at a single moment from a single person.

"This will provide a more realistic punishment for the person selling tickets to nonexistent functions."

See also Practice Commentary under Section 31.09 at p. 571 of V.T.C.A. Penal Code, Vol. 3, which states in part:

"The common law restricted the scope of a theft to a single victim and a single time and place; if more than one victim or more than one time was involved, more than one theft was committed. The Texas Court of Criminal Appeals relaxed the common-law requirements only slightly in stating that 'When several articles or things in bulk are taken by continuous acts, there being one purpose, one impulse, the act is one without regard to time,' *Cody v. State*, 31 Tex.Cr.R. 183, 20 S.W. 398 (1892).

"This section represents a more substantial departure from the common law. It provides that, if an actor adopts and pursues a single 'scheme or continuing course of conduct' for acquiring property or services in a manner that constitutes theft, he may be convicted of a felony even though he is careful to limit the theft from each individual or at each time and place to a misdemeanor amount. This provision reflects the determination that the reprehensibility of an actor, and thus the appropriate penal sanction, is not necessarily determined by the amount he steals at a single moment from a single person. A swindler who sells 1,000 one dollar tickets to a nonexistent charitable function, for example, evidences the same disrespect for property rights as the embezzler who takes $1,000 from his employer or the car thief who steals a $1,000 automobile. Each intends to acquire valuable property illegally, and although the swindler harms no individual victim significantly, his harm to society is as great as that of the embezzler and the car thief. Of course, the prosecution will have to allege and prove each separate 'offense,' but the value of several items can now be combined for jurisdictional and punishment purposes."

Although the offense was committed after V.T.C.A. Penal Code, Sec. 31, was amended,[1] the indictment alleged its commission in the terms of Sec. 31.03(a)(1)(b)(1) prior to the amendment in 1975. (See footnote 1) It alleged that appellant knowingly and intentionally with intent to deprive the named owner of the described property unlawfully "obtained" said property without the effective consent of the named owner. No objection or motion to quash was made in the trial court.

In *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598, 604, we stated:

"Only if the defect [in the indictment] be of such a degree as to charge no offense against the law, and thereby be void, will the exception to substance be considered for the first time on appeal under Article 27.08(1), supra [V.A.C.C.P.]." See also *Thornton v. State*, Tex.Cr.App., 529 S.W.2d 539; *Reynolds v. State*, Tex.Cr. App., 547 S.W.2d 590.

■ Although the indictment alleged appellant unlawfully "obtained" the property, it alleged further that this was without the effective consent of the owner and was with the intent to deprive the owner of the property. Sec. 31.03 as it was in effect at the time of the offense provides that a

---

1. "Sec. 31.03. Theft

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) It is without the owner's effective consent, or . . . ."

As amended by Acts 1975, 64th Leg., p. 914, Ch. 342, Sec. 10, eff. September 1, 1975.

Sec. (d)(4) makes the offense a third degree felony where the value of the property stolen is $200 or more but less than $10,000 and also in other instances not relevant to this case.

person commits theft if he unlawfully "appropriates" property with intent to deprive the owner thereof, and states further that "appropriation" is unlawful if it is without the owner's effective consent. Sec. 31.01 of the Code defines "obtain" as "means to bring about a transfer or purported transfer of a nonpossessory interest in property, whether to the actor or otherwise." In Webster's Seventh New College Dictionary the verb "appropriate" is defined "to take without permission." We hold that the distinction, if any, between "unlawfully obtained" and "unlawful appropriation" is insufficient to cause the indictment to fail to charge the offense of theft under the amended Sec. 31.03, supra, and that the indictment, in the absence of an exception or motion to quash in the trial court, sufficiently charges appellant with the offense of theft.

As to the description and value of the stolen property, the indictment alleges two acts constituting theft occurring on different dates, each with a value of less than $200, but with an aggregated value in excess of $200, and also alleges, as provided in Sec. 31.09, supra, that

> "all of said amounts were obtained, as alleged, in one scheme and continuing course of conduct."

Appellant's contention is that the indictment is fundamentally defective because it (1) does not identify the source of the theft, and (2) it fails to plead sufficiently the nature of the scheme or continuing course of conduct in a manner to appropriately put him on notice in order to properly prepare a defense. His contention is without merit. We hold that the allegations in the indictment sufficiently allege the offense of third degree felony theft in accordance with V.T.C.A. Penal Code, Sec. 31.03, considered along with Sec. 31.09, supra, and that it was not necessary to plead further either the identity of the source of the theft or the nature of the scheme or continuing course of conduct. See Morrison and Blackwell's Texas Practice, Criminal Forms, Eighth Edition, Vol. 7, Sec. 1.33, p. 28, "Aggregation of Amounts"; Texas Annotated Penal Statutes With Forms, Branch's Third Edition, Vol. 2, Sec. 31.09, p. 521.

Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.