William A. CHANCE a/k/a W. A. Duke, Appellant,

v.

The STATE of Texas, Appellee.

No. 57449.

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 14, 1979.

Rehearing En Banc Denied April 25, 1979.

---

Charles E. Campion and Don W. King, Jr., San Antonio, for appellant.

Bill M. White, Dist. Atty., David A. Berchelmann, Jr. and Monica L. Donahue, Asst. Dist. Attys., San Antonio, for State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for the theft of services valued over $200 but less than $10,000. V.T.C.A. Penal Code, Sec. 31.04(a)(1). Punishment was assessed at three years' imprisonment. V.T.C.A. Penal Code, Sec. 31.04(c)(4).

Appellant's sole ground of error challenges the sufficiency of the evidence. This contention centers around what portion of an automobile repair bill can properly be characterized as charges for services, as opposed to charges for property.

Appellant had taken his car to a repair shop to have collision damages repaired. The estimate for these repairs was $481.86. The record reflects that these repairs were authorized by the appellant, and the work done as per agreement. The final bill for these repairs was $481.86.

The only testimony regarding what portion of the bill was for services was elicited from the shop foreman during appellant's cross-examination. He testified the actual labor, according to the estimate that he had made, was $176.40. Although he stated that "paint on the vehicle" was estimated at $57.50, he did not elaborate on the basis of this charge. There was no further questioning by either party regarding what services and labor were performed, nor what portion of the total bill was a charge for each.

The appellant paid the entire bill with a check for $481.86 drawn on the account of "Duke and Frautschi Farming and Hair Styling Associates" at an Odessa bank. The check was returned marked "Account Closed."

Further testimony at trial established that the person who signed the check was the appellant, and that proper procedures had been followed by the repair shop in regard to collection so as to raise a presumption of appellant's intent to avoid payment. See V.T.C.A. Penal Code, Sec. 31.06.

Appellant contends that only the labor can properly be considered as a service, thus the State's failure to show labor in excess of $200 renders the evidence insufficient. The State responds that the evidence shows labor performed of a value in excess of $200.

The State points out that the $11.38 in state sales tax would be proper tax on $227.61 and concludes that since parts are taxed and labor is not, the remainder of the bill was for labor. Thus, the State relies on the estimate and final bill that were entered into evidence as proof of a theft of services in excess of $200.

The estimate for the repairs was made on the repair shop's form. This form was divided into three columns. These columns were "Operations To Be Performed" ("Operations"), "Material," and "Labor." On each line below the "Operations" heading a part or repair was listed. On the same line a figure was entered under the column headed "Material" or "Labor," or both. The "Material" column was divided into two sub-columns, one titled "List" and the other "Net." On the first line of the estimate, under "Operations" was "Refinish Damaged Area," and under the sub-column "Net" was $57.50. On the second line under "Operations" was "1 Frt Bumper," under sub-column "Net" was $50.75," and under "Labor" was "1.2." (The 1.2 indicates labor in hours and tenths of hours. Our calculations reveal a labor charge of $9.00 per hour.) The remainder of the estimate

itemized each labor and parts charge, and was totaled as follows:

| "Total Parts | 183.02 |
|---|---|
| Net Items | 110.75 |
| Total Labor | 176.40 |
| Tax | 11.69 |
| Total Estimate | 481.86" |

The final bill was also for a total of $481.86, but does not conform to the estimate as to the itemizing of charges. All parts are listed by identification numbers only, with no further description. The $50.75 charge for the bumper had disappeared, while the $57.50 charge was itemized only as "Paint" under the "Labor Instructions" column in the final bill. Also in this "Labor Instructions" column is a charge denoted as "Repair as per est. $185.37." These charges are totaled on the bill as:

| "Paint and Body Labor | 185.37 |
|---|---|
| Parts, Repairs | 227.61 |
| Paint – Body | 57.50 |
| State Sales Tax | 11.38 |
| Cash Sale | 481.86" |

The State did not examine the shop foreman as to what the charges were for. The State introduced no evidence at trial as to what items sales tax is properly charged on. The jury had only the shop foreman's testimony and the conflicting estimate and bill as evidence of the value of the services rendered.

The bill and estimate are inconclusive as to what each separate charge was made for. ·The contested "Paint" charge could be for either labor, paint, or both. Considering the evidence in the light most favorable to the verdict, the State has failed to prove labor of a value over $200.

We must now determine the issue as framed by the appellant, whether the definition of service is broad enough to include tangible property affixed as part of the service rendered.

V.T.C.A. Penal Code, Sec. 31.04, as pertinent here, provides:

"(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

"(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token;
. . . ."

Service is defined in V.T.C.A. Penal Code, Sec. 31.01(7), as:

"(7) 'Service' includes:

"(A) labor and professional service;

"(B) telecommunication, public utility, and transportation service;

"(C) lodging, restaurant service, and entertainment; and

"(D) the supply of a motor vehicle or other property for use."

V.T.C.A. Penal Code, Sec. 31.03(a)(1) and (b)(1), provides:

"(a) A person commits an offense if, with intent to deprive the owner of property:

"(1) he obtains the property unlawfully; or

\*   \*   \*   \*   \*   \*

"(b) Obtaining or exercising control over property is unlawful if:

"(1) The actor obtains or exercises control over the property without the owner's effective consent;
. . . ."

Property is defined in V.T.C.A. Penal Code, Sec. 31.01(6), as:

"(6) 'Property' means:

"(A) real property;

"(B) tangible or intangible personal property including anything severed from land; or

"(C) a document, including money, that represents or embodies anything of value."

First, it is clear that the appellant committed an offense under both Sec. 31.04 and Sec. 31.03, supra. His intent to deprive or avoid payment is presumed under these facts as set out in Sec. 31.06, supra, which provides as pertinent here:

"(a) If the actor obtained property or secured performance of service by issuing or passing a check or similar sight order for the payment of money, when the issuer did not have

sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders then outstanding, his intent to deprive the owner of property under Section 31.03 of this code (Theft) or to avoid payment for service under Section 31.04 of this code (Theft of Service) is presumed (except in the case of a postdated check or order) if:

"(1) he had no account with the bank or other drawee at the time he issued the check or order; or

"(2) payment was refused by the bank or other drawee for lack of funds or insufficient funds, on presentation within 30 days after issue, and the issuer failed to pay the holder in full within 10 days after receiving notice of that refusal."

The State chose to proceed with the offense of Theft of Services, however, and must prove that offense.

The definition of services in Sec. 31.01(7), supra, would clearly include car repair labor, but is silent as to whether property affixed as part of such labor is a "service." Section 31.01(7), supra, does specify that other hybrid "labor-property" transactions, such as "restaurant service," are included as a theft of service. A close inspection of these other hybrid transactions reveals a distinction between those transactions and the transaction that occurred in the present case.

The hybrid transactions specifically included in Sec. 31.01(7)(B–D) involve the rendering of almost unseverable combinations of property and labor. These listed transactions are generally quoted at a set price, without regard to the competent value of the labor and property expended. Both historically and by current custom the transactions listed in Sec. 31.01(7)(B–D), supra, are billed to the user with no differentiation between labor and property involved.

This auto repair transaction was rendered at a price set to accommodate each situation after consideration of the component labor and property separately. Rather than the inseparable transactions discussed above, this record reflects that an auto repair transaction involves a charge for parts and a separate charge for the labor expended to affix those parts.

In the Practice Commentary to Sec. 31.04, supra, the definition of service is discussed as follows:

" 'Service' is defined broadly in Section 31.01 to include almost anything that is ordinarily provided for compensation but that was traditionally excluded from theft because it is not classified as 'property.' " Searcy & Patterson, *Practice Commentary* to V.T.C.A. Penal Code, Sec. 31.04 (1974).

The classification of telecommunications as a service exemplifies a transaction ordinarily provided for compensation that would not traditionally be classified as property. The sale of auto parts, however, even when part of a repair transaction, would still be classified as property both traditionally and under the present Code.

We hold that the auto parts affixed in this case are clearly severable from the labor expended, thus are not such a part of that labor as to render that property a service.

We are not unmindful of the difficulties wrought by the former Code's narrow definition of theft offenses. We heartily agree with the opinion expressed in the Practice Commentary to V.T.C.A. Penal Code, Sec. 31.02, in that:

"No part of the old Penal Code produced more confusion, more appellate litigation, and more reversals on technicalities unrelated to the actor's guilt or innocence than the multitude of offenses proscribing criminal acquisitions of another's property. Although the theft offenses attempted to separate guilty from innocent acquisitions, they did so clumsily, and their effect all too often was to embroil the courts in nice questions about the appropriateness of conviction under one offense label as opposed to another. The distinctions between the various of-

fenses were unnecessary for establishing the point at which acquisitive conduct becomes criminal—that can be done generally—and they provided no rational basis for penalty determinations or for the provision of defenses; they did, however, place unnecessary obstacles before the conviction of the guilty." Searcy & Patterson, *Practice Commentary* to V.T.C.A. Penal Code, Sec. 31.02 (1974).

Our decision today does not place any obstacle to prosecution of offenses such as appellant's, however.

V.T.C.A. Penal Code, Sec. 31.09, provides: "When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense."

Under Sec. 31.09, supra, both the theft of service and the theft of property can be charged in one indictment and prosecuted as a single offense.[1] The value of the services and property could have been aggregated to raise the offense to a third degree felony, even if neither theft amounted to over $200 standing alone. Sec. 31.09, supra; *Tucker v. State,* Tex.Cr.App., 556 S.W.2d 823. Thus, this decision will not impede the prosecution of hybrid "service-property" offenses such as the one in the present case.

We hold only that the evidence was insufficient to prove the theft of services in excess of $200. This is important in light of the Supreme Court's decisions in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which bar further prosecution when the evidence is found insufficient to support a conviction. It should be noted that the Supreme Court did not reach the issue of whether the defendant could be retried for another offense, but held only that another trial on the same offense was barred by double jeopardy. *Greene v. Massey,* 98 S.Ct. at 2154, n. 7.

The judgment is reversed and reformed to acquittal insofar as further prosecution for the theft of services under Sec. 31.04, supra, is concerned.

1. See *Wages v. State,* Tex.Cr.App., 573 S.W.2d 804.