**Ex parte Marcus G. MUNOZ.**

**No. 69114.**

Court of Criminal Appeals of Texas,
En Banc.

April 6, 1983.

Rehearing Denied Sept. 28, 1983.

Craig Lundquist, Huntsville, for appellant.

Knute L. Dietze, Dist. Atty., Victoria, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

This is an application for a post-conviction writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P. *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App.1967).

Applicant was convicted of the offense of theft of services in Cause No. 8516 in the 24th Judicial District Court of Victoria County. The punishment was assessed at imprisonment in the Texas Department of Corrections for 10 years.

Applicant contends the indictment under which he was convicted is fundamentally defective because it fails to allege an essential element of the offense. Specifically, petitioner alleges that the indictment does not allege the owner or provider of the services taken or the person to whom applicant failed to pay for the service. The trial court agrees and recommends that relief be granted. A fundamentally defective indictment is of course subject to collateral attack at any time. *Ex parte Charles,* 582 S.W.2d 836 (Tex.Cr.App.1979).

The indictment in the instant case alleges that the applicant "did intentionally and knowingly by deception, threat and false token secure performance of a service, namely, automobile repairs, of the value of $200.00 or more but less than $10,000.00, intending to avoid payment for the service and knowing that the service is provided only for compensation..."

As the applicant points out, an indictment to adequately allege an offense under V.T. C.A., Penal Code, Section 31.04(a)(1), should read substantially as follows:

"... did intentionally and knowingly by deception, threat and false token secure performance of a service [provided by (injured party)], namely, automobile repairs of the value of $200.00 or more but less than $10,000.00, intending to avoid payment for the service and knowing that the service is provided [by (injured party)] only for compensation..."

■ We fully agree with applicant's analysis. See *Bullet v. State,* 538 S.W.2d 785 at footnote 1 (Tex.Cr.App.1976). *Reger v. State,* 598 S.W.2d 868 at 871 (Tex.Cr.App. 1980).

Applicant was also convicted in Cause No. 8517 of the offense of theft in the 24th Judicial District Court of Victoria County. After a plea of guilty, punishment was assessed at imprisonment in the Texas Department of Corrections for 10 years. No appeal was taken.

Applicant alleges that the indictment which is the basis of this conviction is also fundamentally defective. The trial court also agrees and recommends that relief be granted in this conviction as well.

■ The indictment in the instant case fails to allege that the property was taken without the effective consent of the owner. This is a fundamental defect. *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977); *Ex parte Pousson,* 599 S.W.2d 820 (Tex.Cr. App.1980). Applicant is thus entitled to relief from both convictions.

Accordingly, the judgments of conviction in Cause Nos. 8516 and 8517 in the 24th Judicial District Court of Victoria County are set aside and the indictments are ordered dismissed. Applicant is ordered discharged from all further confinement under these convictions. A copy of this opinion will be sent to the Texas Department of Corrections.

### OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

This is an application for habeas corpus relief filed under Art. 11.07, V.A.C.C.P. On original submission a unanimous court granted relief from two convictions, finding fundamentally defective indictments in prosecutions for theft of property and theft of service.

By motion for rehearing the State argues the indictment for theft of service is not fundamentally defective. Our holding in the other conviction is not challenged.

The indictment under examination alleges appellant did:

"intentionally and knowingly by deception, threat and false token secure performance of a service, namely, automobile repairs, of the value of $200.00 or more but less than $10,000.00, intending to avoid payment for the service and knowing that the service is provided only for compensation."

On original submission the Court held this indictment was fundamentally defective for failure to allege the provider of services, i.e., the injured party.

The State argues that the provider of services is not an element of the offense and relies on the language of the statute defining the offense, which does not expressly refer to the injured party. V.T. C.A., Penal Code Sec. 31.04(a)(1) provides:

"(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

"(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token;"

In support of this position the State relies on the general rule that an indictment drawn in the language of the statute is ordinarily sufficient. That rule, however, is accompanied by an exception, which states, "It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the legislature or from the application of known principles of law." *Terry v. State,* 471 S.W.2d 848, 851; *Johnson v. State,* 547 S.W.2d 599; *Haecker v. State,* 571 S.W.2d 920; *Evans v. State,* 623 S.W.2d 924.

Theft is not a "victimless" crime: it necessarily includes an injured party. The practice commentary to Sec. 31.04 summarizes the various provisions of the prior penal code consolidated under theft of service:

"This section replaces that portion of the prior swindling offense, Penal Code art. 1545, that proscribed the acquisition

of 'services' by fraudulent representation as well as scattered offenses covering specific services, e.g., arts. 1137e, 1137e–1 (telecommunications services), 1137g (using slugs in vending machines), 1551, 1553a (board or lodging), 978o (public official who diverts public labor or services to his own use). 'Service' is defined broadly in Section 31.01 to include almost anything that is ordinarily provided for compensation but that was traditionally excluded from theft because it is not classified as 'property.' Thus, in addition to the services previously protected, such as the provision of food, lodging, entertainment, transportation, communications, and public utilities, the definition includes the provision of labor and professional services and rental of property."

Almost every provision that Sec. 31.04 was intended to replace expressly included an element of ownership, or of lack of consent from the injured party, or both. We consider the proposition that every theft necessarily includes an element of injury to a specific party to be a "known principle of law" reflected in the express language of the prior statutes from which Sec. 31.04 was derived.

The language of Sec. 31.04(a)(1) also points to the existence of an injured party, even though it does not expressly recite this element. One element is the intent to avoid payment. This points to the existence of a person entitled to receive that payment, who is an injured party by virtue of not receiving payment. That the service is "provided only for compensation" also necessarily implies the existence of a provider of the service. The element of deception, threat or false token also points to the existence of an injured party: some person is deceived, is threatened, or is the recipient of the false token. Although not expressed in the language of the statute, the injured party is an element of theft of service.

It was pointed out in *Chance v. State,* 579 S.W.2d 471, that theft of property and theft of service may be prosecuted together under Sec. 31.09, which allows aggregation of amounts involved in theft. Sec. 31.09 provides:

"When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense."

This language, by reference to "the same or several sources" of the amount obtained by theft, also reflects the known principle that every theft necessarily includes the element of an injured party.

Indictments in other cases have alleged this element. In addition to *Reger v. State,* 598 S.W.2d 868, cited in the opinion on original submission, see *Key v. State,* 555 S.W.2d 753; *LaFlore v. State,* 595 S.W.2d 862; and *Gibson v. State,* 623 S.W.2d 324.

We adhere to our holding on original submission that an indictment for theft of service must allege an injured party.

The motion for rehearing is denied.