**John Lewis HEBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59134.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

Thomas M. Roberson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and W. F. Roberts, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., ODOM and DALLY, JJ., and KEITH, Commissioner.

## OPINION

KEITH, Commissioner.

Appellant was charged in a three-count indictment with sexual abuse of a child under the age of 17 years as defined in V.T.C.A., Penal Code, Sec. 21.10(a); rape of a child under the age of 17 years of age as defined in V.T.C.A., Penal Code, Sec. 21.-09(a); and rape by force and threats as mentioned in V.T.C.A., Penal Code, Sec. 21.02(b)(1) and (2).

While there was the word "SECOND" to be found between counts one and two, no such similar or corresponding word appeared between the second and third counts although there was deep indentation for the new paragraph forming the third count.[1]

The State elected to go to the jury on the second count—rape of a child—and the jury found appellant to be guilty and assessed his punishment at confinement for ten years.

Appellant did not testify nor did he offer any affirmative defense to the charge. The evidence shows that the fifteen-year-old girl, a high school student in Pasadena, had a cold on the day in question and did not attend school.

Instead, she visited one of her teen-aged girl friends in a nearby apartment. There, she found appellant visiting the girl friend and the parties stayed in the apartment talking for about an hour. Later, appellant went to a nearby convenience store to make some purchases and was accompanied by the complainant. After making his purchases, including some beer, the two drove around in appellant's car for some time, during which time complainant drank one beer. Appellant stopped again, bought some liquor, and went to a motel where he secured a room.

After the parties had entered the room, appellant gave the girl one drink of liquor and she drank part of it. He then undressed her and penetrated her female sex organ with his male organ. The complainant apparently did not put up any strenuous resistance nor did appellant use force, violence, threats, or abuse to accomplish his purpose.

Several hours later, appellant dropped the complainant off at a friend's apartment. She was taken to the police headquarters in

---

1. We are not called upon to express any opinion as to the validity of the third count of the indictment.

Pasadena during the early morning hours and was subsequently examined by a physician. Some of the witnesses who saw her shortly after she was released testified that she appeared to have been crying and showed evidence of nervousness, and other physical distress. However, no bruises or lacerations were noted.

■ Appellant has been represented at the trial and upon appeal by the same court-appointed counsel. Neither of the grounds of error challenge the sufficiency of the evidence and no further mention will be made of the underlying facts of the case.

Appellant's first ground reads:

"The court's charge to the jury is fundamentally in error in that it did not correspond to the indictment."

We learn from the argument that the gravamen of the complaint is that while the court's charge properly submitted the second count—rape of a child—it did not include a charge on what we have termed the third count—rape by force and threats.

The argument is expressed in this manner:

"Appellant points out that paragraph two of the Second Count of the indictment reflects that the Defendant intentionally and knowingly by force and threats to [prosecutrix] cause her to have sexual intercourse. The charge, as submitted by the Honorable Court did not emphasize, nor did it even cover the charge of threats or force."

And, if we consider both paragraphs of what appellant calls the "second count", the argument has more than a modicum of truth to it.

The State's reply misses the mark when it says:

"Where there are several ways by which an offense may be committed set forth *in the same statute,* and those ways are subject to the same punishment, they may be charged conjunctively in one count as was done in Count 2 in the instant case . . . ." (emphasis supplied)

Reliance is had upon language found in *Garcia v. State,* 537 S.W.2d 930, 932–933 (Tex.Cr.App.1976), involving escape from custody as defined in V.T.C.A., Penal Code, Sec. 38.07. We are not persuaded by such argument and do not find the cited case persuasive. Our case involved three separate offenses denounced by three separate sections of the penal code—not just three different methods of committing the same offense.

This Court wrote in *Square v. State,* 145 Tex.Cr.R. 219, 167 S.W.2d 192, 193–194 (1943):

"The meaning of a 'count' [in an indictment] is that it charges a distinct offense, and where there are more than one count in an indictment, each count must definitely charge the commission of an offense so that the court may submit the case upon either one of the counts which is supported by evidence in order that the punishment prescribed therefore may, upon conviction, be imposed upon the accused."

See also *Smith v. State,* 571 S.W.2d 917, 919 (Tex.Cr.App.1978), wherein Judge Roberts, speaking for a unanimous court, said: "Each count of an indictment must definitely charge the commission of a distinct offense."

The second "paragraph" of the second count (as denominated by appellant's counsel) is not properly to be regarded as a part of the second count. Such a construction would be entirely illogical since the first paragraph of said second "count" properly and completely charged the offense of rape of a child under age 17. The second paragraph (if in truth it is not a third count) had no relation to rape of a child—it attempted to charge rape by force and threats.

The first "paragraph" of the second "count" charged the offense of rape of a child and the court's charge, which comes to us without objection, properly submitted the question to the jury. 8 Texas Practice, Willson's Criminal Forms Ann., § 95.10, at 316 (8th ed. 1977, W. Morrison & T. Blackwell).

The evidence of guilt was overwhelming and we do not find error to have been shown by ground one.

 Nor does appellant's second ground of error reveal error on the part of the trial court. Said ground reads:

"The Court erred in admitting 'hearsay testimony' from a witness who was not 'qualified to testify.'"

Again, looking to the argument, we find that the complaint is directed to the testimony of Dr. Susan Kim, a licensed physician who was called upon to explain medical terms and the medicines prescribed as shown upon hospital records of the complaining witness. The records were properly introduced in evidence without any objection from appellant. Tex.Rev.Civ.Stat.Ann. art. 3737e (Supp.1978–79). See *Coulter v. State,* 494 S.W.2d 876 (Tex.Cr.App.1973); *Williams v. State,* 508 S.W.2d 83, 85 (Tex. Cr.App.1974).

Dr. Kim did not give hearsay testimony; she simply interpreted technical writings into evidence understandable by the lay jury. Her testimony was, in effect, similar to that of a physician trained in the interpretation of x-rays giving his impression of what is shown upon film exposed by another physician or technician. See and compare *Community Chapel Funeral Home v. Allen,* 499 S.W.2d 215, 216 (Tex.Civ.App.— Beaumont 1973, writ ref'd n. r. e.); *Avila v. United States Fidelity & Guaranty Co.,* 551 S.W.2d 453, 454–456 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.).

 There is still another reason why the second ground of error is insufficient: The hearsay objection now urged was not mentioned in the trial court. Instead, there the appellant objected because it was not shown that Dr. Kim was a licensed physician whose license was on file in Harris County. No objection as to the hearsay nature of the testimony was urged. When her qualifications were shown, no further objections were urged. Nothing is presented for review. As said in *Graham v. State,* 546 S.W.2d 605, 608 (Tex.Cr.App.1977): "A ground of error in an appellate brief must comport to the objection voiced at trial." Ground two is overruled.

 Appellant has filed a sophisticated pro se brief wherein he contends that V.T. C.A., Penal Code, 21.09(a) is unconstitutional. He relies upon *Meloon v. Helgemoe,* 564 F.2d 602 (1st Cir. 1977), cert. denied, 436 U.S. 950, 98 S.Ct. 2858, 56 L.Ed.2d 793 (1978). We find no merit to the contention. Presiding Judge Onion gave careful attention to and declined to follow *Meloon* in *Ex parte Groves,* 571 S.W.2d 888 (Tex.Cr.App. 1978), an en banc opinion. For the reasons articulated in *Ex parte Groves,* the complaint brought forward in the pro se brief is overruled.

The judgment of the trial court is affirmed.

Opinion approved by the panel.