Alford Ray **RICHARDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–81–00592–CR.

Court of Appeals of Texas, Dallas.

June 4, 1982.

Rehearing Denied June 30, 1982.

Kerry P. FitzGerald, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Jeff Keck, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, CARVER and SPARLING, JJ.

CARVER, Justice.

Alford Ray Richards was convicted of theft over $10,000.00 and sentenced to eight years confinement and a fine of $2,000.00. We affirm since we hold that: (1) the aggregation of the amounts of two or more thefts under Section 31.09 Tex. Penal Code Ann. (Vernon 1974) creates one offense and the thefts involved in the aggregation are not subject to severance and separate trial under Section 3.04 (a) Tex. Penal Code Ann. (Vernon 1974); (2) an indictment aggregating the amount of two thefts is not fatally defective for omitting that the two thefts were committed, "pursuant to one scheme or continuing course of conduct;" (3) an indictment aggregating the amounts of two thefts is not duplicitious, or contrary to Article 21.24 Tex.Code Crim.Pro.Ann. (Vernon Supp. 1982); (4) the evidence was sufficient to support the conviction; and (5) trial by a retired judge, sitting for the elected judge of the Criminal District Court of Dallas County, Texas, was not "forum shopping."

The record reflects that Richards was a salesman for an automobile dealer and possessed his employer's demonstrator. When an undercover officer told Richards he needed a cheap car to deliver drugs to Kansas, Richards sold him the employer's demonstrator for $500.00 and told the officer to use and then burn the car as it would be reported by Richards as stolen. The following day, Richards contacted the officer saying that, since he could not get, or make, duplicate keys to turn in with his theft

report on the demonstrator, the officer was to return the demonstrator and exchange it for a different demonstrator of the same employer with the same plan to be followed. The officer made the exchange of the first demonstrator for the second with Richards as requested. The testimony showed that the two vehicles were valued, respectively, as $5,453.00 for the first and $5,431.79 for the second.

■ Richards first complains that the trial court erred in failing to grant his motion to sever the two thefts for separate trial. We disagree. Severance necessarily contemplates that two separate offenses have been joined for a common trial, however, the amounts obtained by Richards' two thefts were aggregated into one offense under the provisions of Section 31.09 Tex. Penal Code Ann. (Vernon 1974) and one offense is not capable of severance. Section 31.09 provides that:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

In *Wages v. State*, 573 S.W.2d 804 (Tex.Cr. App.1978) the court held, in a similar case, that, "It is axiomatic that you cannot sever *one* offense" [emphasis from opinion]. We hold that the trial court did not err in denying severance.

■ Richards next complains that the indictment was fatally defective because the aggregation allegations failed to include that Richards' two thefts were "pursuant to one scheme or continuing course of conduct" as set out in the statute. We disagree. In *Reger v. State*, 598 S.W.2d 868 (Tex.Cr.App.1980), there was urged, and rejected, a similar complaint. In *Reger*, an airplane was chartered for a specific trip but the chartering party, Reger, changed the original trip and added several additional trips, both in and out of the country. When the various charters were not paid for, Reger was indicted for theft aggregating the amounts due from each charter

under Section 31.09, but omitting, as here, the allegation in the indictment that the amounts aggregated were obtained pursuant to "one scheme or continuing course of conduct." In *Reger*, the court held that a complaint on appeal, identical to the complaint urged here by Richards, was "without merit." We overrule this complaint on the authority of *Reger, supra*.

■ Richards also complains that the trial court erred in failing to quash the indictment as "duplicitious" in that two theft offenses were joined in a single count of the indictment, contrary to Article 21.24 Tex. Code Crim.Pro.Ann. (Vernon 1966). We disagree since we have held that the *amounts* Richards obtained from two thefts was properly aggregated to constitute *one* offense, Section 31.09, *supra; Wages v. State, supra*; and *Reger v. State, supra*.

■ Richards additionally complains that the evidence was insufficient to support the verdict. Richards does not dispute the evidence we have summarized in this opinion but argues that, since the first demonstrator was sold to the officer one night and recovered the next day, only one demonstrator, not two, was permanently withheld from the employer-owner thereof. Richards urges that the evidence, at best, only shows a completed theft of one demonstrator of a value of $5,431.79 while the indictment for theft of $10,000.00 remained unproved. We disagree because, at the time Richards sold the first demonstrator for $500.00, with the officer to use and burn it while Richards reported it stolen, Richards' then intent was shown to be that he intended to permanently deprive his employer of the first demonstrator. Even though Richards may have subsequently recovered the first demonstrator and returned it to his employer, Richards' intent to deprive at the time of the sale was not, and could not be, changed. The evidence supports that Richards' intent at the time of the sale was theft. *Griffin v. State*, 614 S.W.2d 155 (Tex.Cr.App.1981). We hold the evidence was sufficient for the conviction.

Lastly, Richards complains that the trial court erred in failing to sustain his motion to transfer his case from "Annex Court No. 2" to the "Criminal District Court of Dallas County," the court to which Richards' indictment has been originally returned and from which, Richards urges, his case had been unlawfully transferred. We disagree since the transcript reflects that all proceedings relating to Richards trial and conviction appear to have taken place in the Criminal District Court of Dallas County. Richards appears to argue that, because a retired judge sat for the elected judge, the court had somehow changed. We reject this argument as unsupported by the record since the retired judge was specifically assigned to sit for the elected judge by the administrative judge of the administrative district by written assignment certified in the transcript. Such assignment authorized the retired judge to try and dispose all matters pending on the docket of the "Criminal District Court." Consequently, it was the *judge* that was transferred, not not Richards' case. *See* Tex.Rev.Civ. Stat.Ann. art. 2002 (Vernon 1969); *Foreman v. State*, 505 S.W.2d 564 (Tex.Cr.App. 1974); *Peach v. State*, 498 S.W.2d 192 (Tex. Cr.App.1973).

Affirmed.