**Alford Ray RICHARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00592–CR.**

Court of Appeals of Texas, Dallas.

Dec. 17, 1982.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeff Keck, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, CARVER and SPARLING, JJ.

CARVER, Justice.

Our opinion of June 4, 1982, published at 635 S.W.2d 859, held that an indictment aggregating the amounts taken in two thefts in order to determine the grade of the offense, as authorized by Section 31.09 Tex.Penal Code Ann. (Vernon 1974), was not subject to being quashed because the indictment failed to assert that the two thefts were "pursuant to one scheme or continuing course of conduct." We relied upon *Reger v. State,* 598 S.W.2d 868 (Tex. Cr.App.1980) in so holding. Subsequent to our opinion, the Court of Criminal Appeals handed down *Turner v. State,* 636 S.W.2d 189 (Tex.Cr.App.1982), which reached a different conclusion than *Reger.* By order dated October 6, 1982, the Court of Criminal Appeals granted Richards' petition for discretionary review and remanded this cause to this court for reconsideration of our holding in light of *Turner.*

*Turner* holds that, where the State seeks to aggregate the amounts obtained from more than one theft so that the accused may be prosecuted as for one offense for the aggregated amount under the authority of Section 31.09 Tex.Penal Code Ann. (Vernon 1974), the thefts must be both pleaded in the indictment and found by the jury to have been committed "pursuant to one scheme or continuing course of conduct." Since Richards urged the trial court to quash his indictment upon the very ground sustained in *Turner,* the trial court must be

held to have erred in failing to sustain Richards' motion.

Since the additional errors urged by Richards, and rejected in our earlier opinion, were not mentioned by the Court of Criminal Appeals in their order of remand, we deem our remaining holdings in our prior opinion to be approved. Because the trial court erred only in failing to quash the indictment upon Richards' proper motion, we reverse the conviction and remand for new trial as directed by *Turner*, 636 S.W.2d at 196.

Reversed and remanded.