Michael J. PUMPHREY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–172 CR.

Court of Appeals of Texas, Beaumont.

Aug. 23, 1984.

Petition for Discretionary Review Refused May 15, 1985.

**6**

Hugh O'Fiel, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

### OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of sexual abuse, enhanced by a prior felony conviction, and the jury assessed punishment at thirty-three years in the Texas Department of Corrections, plus a fine of $2,500, from which appellant has perfected appeal to this Court.

Appellant's first and second grounds of error (grouped together in his brief) follow:

1. "The evidence in this cause is insufficient in that there is not sufficient evidence to prove the necessary element of lack of consent of the Prosecutrix to the alleged offense of sexual abuse."

2. "The evidence in this cause is insufficient in that there is not sufficient evidence to prove that the Prosecutrix put forth every exertion and means within her power to resist the commission of the sexual abuse."

Appellant drove Prosecutrix to the Beaumont Y.M.C.A. where he lived, telling her he needed to get something in his room. When there, he pulled her out of the car, pulled her into his room, undressed her, threatened to hit her if she didn't comply, then put his penis in her vagina, mouth, and anus. She testified she was afraid. Testimony of a Registered Nurse in the Baptist Hospital revealed she suffered severe injury in the anus and vagina from the abuse.

The present state of the law does not require the resistance or exertion of the victim as the language indicates in the older authorities cited by appellant. *See*

*DuPont v. State,* 641 S.W.2d 250 (Tex.App. —Houston [14th Dist.] 1982, disc. rev. ref'd). These grounds of error are overruled.

Appellant's third ground of error urges:

3. "The Trial Court erred in considering prejudicial hearsay evidence in determining the sufficiency of the evidence to support the conviction."

The complaint is about the testimony of R.N. Sherryl Aleniz, who gave some testimony explaining the medical records of Prosecutrix already in evidence (such as the necessity to give Prosecutrix Demerol before examination of the rectum). Her general qualifications were not questioned. While a similar situation in *Hebert v. State,* 586 S.W.2d 529, 532 (Tex.Crim.App.1979), involved the explanation of records by a physician, we think the same rule would apply to this witness and, certainly, in the absence of a challenge to her general qualifications. This ground of error is overruled.

Appellant's final ground complains of the court's failure to grant a mistrial because of prosecutorial jury argument. The challenged argument given was: "In some parts of this country they sit around and applaud rape when it happens on a pool table." This argument was certainly improper under the decisions of our Court of Criminal Appeals, and referred to a rape occurring in another state that received wide media publicity. *See Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim.App.1973), and authorities cited.

However, the court sustained the objection and charged the jury to disregard the argument, which ordinarily cures the error. *See Stokes v. State,* 506 S.W.2d 860 (Tex. Crim.App.1974); 23 TEX.JUR.3d *Criminal Law sec. 2932* (1982), and authorities cited. This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.