Scarbrough v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-202-CR

     RYAN DANIEL SCARBROUGH,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 28756
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Ryan Scarbrough guilty of aggravated sexual assault and assessed punishment
at eight years. Ryan appeals on two points in which he attacks the sufficiency of the evidence
sustaining his conviction. We affirm.
      On March 24, 1992, Chad Spear invited Paige Steinman to go to Ryan Scarbrough's house
to lift weights and listen to music. She went with him, but she told him she had to be home by
9:30 P.M. At Ryan's house, he and Chad lifted weights and drank beer and peppermint schnapps
while Paige watched their workout and listened to music.
      About 9:00 P.M. Paige, Ryan, and Chad left Ryan's house in Chad's pickup truck. The trio
then went to Ryan's brother's house to get some money. After arriving at the brother's house,
Paige decided that Chad was too intoxicated to drive her home. She went to a neighbor's house
to call her father to come get her. However, because she did not know her location, her father
could not come to pick her up. While Paige was at the neighbor's house, Ryan came looking for
her and became hostile with the home owner, Cheryl Fry. Ms. Fry testified that Paige was
frightened by Ryan's actions. Ms. Fry then drew a map for Paige so that she could walk home.
      Paige left the Fry's home on foot; however, Ryan and Chad picked her up a short distance
down the road. Paige went with the men after Chad told her that she would get home safely. 
While sitting in the truck between the two men, Paige said to Ryan, "You need to straighten up,
because some day you are going to end up in jail." This statement angered and upset Ryan and
he told Chad, "She's not going to go home." When Paige asked Ryan what he meant, he said,
"You're not going to go home, and you ain't going to see your family again." Paige testified that
she was scared and thought she was going to die. Ryan began to choke Paige and ordered Chad
to drive down a side road to a field. 
      Chad got out of the truck leaving Ryan and Paige alone in the cab. Paige offered to give Ryan
a "blow job." Paige testified that she was afraid for her life and that she engaged in oral sex and
vaginal sex with Ryan as a result of her fear. She stated that she "gave in" and told Ryan that she
would do anything so that they would take her home. After the attack Ryan got dressed, told Chad
it was his turn, and went for a walk. 
      Ryan got into the cab of the pickup truck. Paige asked him if it was okay if they just have
oral sex. Chad said she did not have to, but she did anyway. Chad testified that he participated
in the attack because he was afraid of Ryan.
      After the attack the men dropped Paige off a block away from her home. Before she left the
truck, however, Ryan told her "You don't know me, and I don't know you, so keep it that way. 
Well, you can go do what you want. You can go call the cops, or do whatever."   In his first
point, Ryan contends that the evidence was insufficient to sustain his conviction because the sex
acts between himself and Paige were consensual. Ryan, in his second point, argues that the
evidence was insufficient because there was no evidence that he placed Paige in fear of death,
serious bodily injury or kidnapping or threatened to cause the death, serious bodily injury or
kidnapping of any person. The standard of review for sufficiency challenges is whether, after
viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Adelman v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992). The Penal Code in section 22.021 defines aggravated
sexual assault by stating:
(a) A person commits an offense:
            (1) if the person:
                  (A) intentionally or knowingly:
                        (i) causes the penetration of the anus or female sexual organ of another                  person by any means, without that person's consent; or
                        (ii) causes the penetration of the mouth of another person by the sexual                  organ of the actor, without that person's consent; [and]
. . . 
            (2) if:
                  (A) the person:
. . .
                        (ii) by acts or words places the victim in fear that death, serious bodily                   injury, or kidnapping will be imminently inflicted on any person; [or]
                        (iii) by acts or words occurring in the presence of the victim threatens to                cause the death, serious bodily injury, or kidnapping or any person. . . . 
Tex. Penal Code Ann. § 22.021 (Vernon 1989). 
      A sexual assault is without the victim's consent if the actor compels the victim to submit by
threats of violence. Pumphrey v. State, 691 S.W.2d 5, 6 (Tex. App.—Beaumont 1985, pet. ref'd). 
Thus, the focus is shifted from the victim's resistance to the actions of the defendant. Barnett v.
State, 820 S.W.2d 240, 241 (Tex. App.—Corpus Christi 1991, pet. ref'd). The jury may consider
the actor's objective conduct, his acts, words or deeds, and infer from the totality of the
circumstances whether his overall conduct placed the victim in fear of death or serious bodily
injury to be imminently inflicted. Fox v. State, 693 S.W.2d 593, 598 (Tex. App.—San Antonio
1985, no pet.). Therefore, whether or not a victim was placed in fear of death or serious bodily
injury is ordinarily a fact question to be determined by the jury. Elkins v. State, 822 S.W.2d 780,
783 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).
      Paige testified that after Ryan choked and threatened her she was afraid that he would kill her
and that she would never see her family again. She also testified that she "gave in" to Ryan
hoping that if she gave him what he wanted he would take her home. In addition, Paige has
limited mental abilities, and although she graduated from high school, she has reading and math
skills on a third grade level. 
      In viewing the evidence in the light most favorable to the verdict and considering the overall
evidence, together with a review of Ryan's acts, words, or deeds, we believe that a rational trier
of fact could have found all of the essential elements of the offense beyond a reasonable doubt. 
See Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. We overrule the points and affirm the
judgment.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 21, 1993
Do not publish