COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                                 NO.
2-07-157-CR

 

ANGELA
KUHN                                                                                   APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                                STATE

 

                                                       ------------

 

FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

 

                                                       ------------

 

MEMORANDUM OPINION[1]

 

                                                       ------------

 

I.  Introduction

Appellant Angela
Kuhn appeals her conviction for assault by causing bodily injury to a family
member.  In three issues, Kuhn argues
that the trial court erred by denying her motion for directed verdict, denying
her motion for mistrial, and improperly communicating with the jury during jury
deliberations.  We will affirm.








II. Factual and Procedural Background

In the summer of
2004, Angela and her husband, Tim Kuhn, were separated, and Tim was living with
his mother, Sharon Kuhn.  By court order,
Sharon had temporary custody of the couple=s two
children.  Angela had visitation rights
and would pick up the children from and return the children to Sharon=s house.  

In September 2004,
Angela picked up the children from Sharon=s house for her
regular visitation and asked to speak with Tim. 
Sharon told Angela that Tim was not at the house.  Angela, although angered, left.  At the end of her visitation that evening,
Angela returned the children to Sharon=s house.  Angela again asked to speak with Tim.  

Both Angela and
Sharon testified that, at this point, they had a physical altercation (the
testimony, however, about who first attacked whom varied between the two
women).  Sharon=s husband broke up
the fight and called the police.  Angela
left before the police arrived. 








After making a
police report, Sharon went to the emergency room for treatment of the injuries
she had sustained in the fight.  Hospital
records of Sharon=s emergency room visit along with pictures
of Sharon=s injuries were admitted into
evidence.  Likewise, Angela took a
picture of the injuries she had sustained in the altercation, which the trial
court also admitted into evidence at her request.  

After hearing all
the evidence, the jury found Angela guilty of assaulting Sharon.  The trial court assessed Angela=s punishment at
thirty days= confinement.  Angela now appeals.

III.  Jurisdiction

In her first issue,
Angela argues that the trial court erred by overruling her motion for a
directed verdict of acquittal based on the State=s purported
failure to invoke the trial court=s jurisdiction by
failing to prove that the offense occurred in the State of Texas.  

The State may
establish a trial court=s jurisdiction by presenting
circumstantial evidence that an element of the offense was committed in the
state.  Vaughn v. State, 607
S.W.2d 914, 920 (Tex. Crim. App. 1980); Reger v. State, 598 S.W.2d 868,
871 (Tex. Crim. App. 1980).  In this
case, both Angela and Sharon testified that the incident took place at Sharon=s residence.  Sharon testified that she lived at a specific
address on Turtle Creek Road in Wichita Falls and that her residence was in
Wichita County.  The hospital records of
Sharon=s emergency room
visit, which were admitted into evidence, also reflect that Sharon lived on
Turtle Creek Road (the address was the same as that given in her testimony) in AWichita Falls, TX.@  








Based on this
testimony and written evidence, the jury could have reasonably concluded that
the physical altercation between Sharon and Angela took place in AWichita Falls, TX,@ meaning in
Texas.  See Vaughn, 607 S.W.2d at
920; Walker v. State, 195 S.W.3d 250, 257-58 (Tex. App.CSan Antonio 2006,
no pet.) (holding that evidence that the offense occurred at a particular
address in Guadalupe County was sufficient to establish jurisdiction in the
state of Texas); James v. State, 89 S.W.3d 86, 89 (Tex. App.CCorpus Christi
2002, no pet.) (holding that evidence that the offense occurred in the city of
Beaumont and Jefferson County was sufficient to circumstantially establish
jurisdiction in Texas).  Accordingly, we
overrule Angela=s first issue.

IV.  Mistrial

In her second
issue, Angela argues that the trial court erred by not granting her motion for
mistrial following Sharon=s testimony that when Angela picked up the
children on the day of the incident, she appeared to be Aon something.@  








An appellate court
reviews a trial court=s ruling on a motion for mistrial using an
abuse of discretion standard.  Webb v.
State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  The appellate court views the evidence in the
light most favorable to the trial court=s ruling and
upholds the trial court=s ruling if it was within the zone of
reasonable disagreement.  Id.; Wead
v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  The appellate court does not substitute its
judgment for that of the trial court but rather decides whether the trial court=s decision was
arbitrary or unreasonable.  Webb,
232 S.W.3d at 112.

Mistrial is
appropriate only for highly prejudicial and incurable errors.  Simpson v. State, 119 S.W.3d 262, 272
(Tex. Crim. App. 2003).  A trial court
may grant a mistrial when it is faced with an error so prejudicial that the
expenditure of further time and expense would be wasteful and futile.  Id. 
The general rule, however, is that any error in the admission of
improper evidence may be corrected by withdrawing the evidence and instructing
the jury to disregard it.  See Rojas
v. State, 986 S.W.2d 241, 250-51 (Tex. Crim. App. 1998).

When a trial court
strikes evidence and instructs the jury to disregard it, in the absence of
evidence indicating that the members of the jury failed to do so, the jury is
presumed to have followed the trial court=s
instruction.  See Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App. 1999); State v. Boyd, 202 S.W.3d 393,
402 (Tex. App.CDallas 2006, pet. ref=d).

Here, Angela
specifically objected to, and bases her second issue on, the following exchange
between Sharon and the prosecutor:

[Prosecutor]:          Okay. 
And again, the visitation time for her to 

pick up was --

 








[Sharon]:               6:00 p.m.

 

[Prosecutor]:          --okay.  And just in your -- in your opinion, how  was Angela acting when she picked up the
kids?

 

[Sharon]:               She was agitated, angry, kind of wanting to have a
confrontation out front in front of the kids. 
And she said she wanted to talk to my son, and I said he=s not home.  And she called me a liar, which he really was
at work at that time.  And she said when
I get back B when I bring the kids back I will
talk to him.  And then she peeled off and
left.  And it was my opinion that she was
on -

 

[Prosecutor]:          Well --

 

[Sharon]:               -- something --

At this point,
Angela=s attorney
objected.  During the bench conference on
the objection, the prosecutor explained that he had tried to interrupt Sharon
and stop her from expressing her opinion on whether Angela had ingested any
drugs that evening.  After hearing the
arguments of both sides, the trial court sustained Angela=s objection,
struck the comment from the record, and instructed the jury to disregard Sharon=s comment, but the
trial court denied Angela=s motion for mistrial.  








Sharon=s remark was brief
and unsolicited by the State.  Furthermore,
as requested by Angela, the trial court struck the remark and instructed the
jury to disregard it.  We are required to
presume that the jury followed the trial court=s instruction to
disregard Sharon=s remark; Angela has offered no evidence
to rebut such a presumption.  See Ladd,
3 S.W.3d at 567.  Furthermore, Sharon=s brief remark was
speculative and was not of such a highly prejudicial character that it was
wasteful and futile to continue the trial. 
See Simpson, 119 S.W.3d at 272. 
Compare State v. Boyd, 202 S.W.3d 393, 403 (Tex. App.CDallas 2006, pet.
ref=d) (holding that a
trial court did not abuse its discretion by granting a mistrial when the jury,
reviewing the evidence during deliberations, discovered material indicating a
prior conviction for the same offense as charged at trial), with Rojas,
986 S.W.2d at 250-51 (holding that a trial court did not abuse its discretion
by refusing to grant a mistrial when the witness inadvertently speculated about
the defendant=s background).  Accordingly, the trial court did not abuse
its discretion by refusing to grant Angela=s motion for
mistrial.  See Webb, 232 S.W.3d at
112; Simpson, 119 S.W.3d at 272, 274. 
We overrule Angela=s second issue.

V.  Angela=s Photograph

In her third
issue, Angela complains of two notes that the trial court sent to the jury
during deliberations.  She claims that
the notes resulted in the introduction of new evidence or constituted a comment
by the trial court on factual matters and on the weight to be given a photo of
her injuries that she submitted as evidence. 









At trial, if a
party does not request a limiting instruction, a piece of evidence is admitted
for all purposes.  Tex. R. Evid. 105(a).  Once evidence is received without a proper
limiting instruction, it becomes part of the general evidence in the case and
may be used as proof to the full extent of its rational persuasive power.  Cole v. State, 46 S.W.3d 427, 432
(Tex. App.CFort Worth 2001, pet. ref=d).  A party cannot enter evidence for all
purposes and then, on appeal, object to the trial court=s proper
instruction to consider the evidence for all purposes.  See Tex.
R. Evid. 105(a) (providing that Ain the absence of
such a request [for a limiting instruction] the court=s action in
admitting such evidence without limitation shall not be a ground for complaint
on appeal@); Cole, 46 S.W.3d at 432; see
also Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (explaining
the invited error doctrine, under which a party responsible for the trial court=s action may not
take advantage of the error on appeal by using the error as a basis for
reversal of the judgment).








Here, the
photograph of Angela=s injuries that she offered and that was
admitted into evidence has machine-generated numbers on the back of it.  During deliberations, the jury noticed the
numbers on the back of the photograph and sent a note to the trial court
asking, ACan we consider
the dates on the back of the pictures?@  In response, the trial court said, AYes, it is in
evidence and you may consider any or all of the picture you choose.@  The jury next asked, AIf so, please
clarify the dates on Angela=s picture.@  To this, the trial court responded, AThe exhibit speaks
for itself.@ 
Angela objected to the trial court=s responses as Aallowing the [jury=s] consideration
of the -- the unexplained numbers on the back of the picture.@  

From the jury=s note, Angela
speculates that the jury interpreted the particular number sequence, A20040328,@ which was one of
five machine-generated number sequences on the back of the photo, as a date of
March 28, 2004, and she further speculates that the jury erroneously concluded
that the date was either the date the photo was taken or the date the photo was
developed.  If the jury did indeed assume
that the number sequence represented the date of March 28, 2004, and was either
the date that the photo was taken or was developed, then the probative value of
Angela=s evidence was
undermined.  She had testified that the
picture was of the injuries inflicted by Sharon in September 2004, almost half
a year after the date of March 28, 2004. 
Angela argues that Aby responding
affirmatively to the question of whether the dates on the back of the
photographs could be considered, [the trial court] allowed the jury to continue
to assume that the numbers actually represented dates when no evidence was ever
presented to that effect.@  








Angela=s failure to
redact the machine-generated numbers on the back of the photo before offering
it into evidence or to request a limiting instruction that the jury consider
only the front of the photo resulted in the admission of the photo for all
purposes and allowed the jury to consider the entire photo, including the
back.  See Tex. R. Evid. 105(a). 
Angela cannot now complain that the jury considered numbers on the back
of an exhibit that she offered without any limiting instructionCto hold otherwise
would permit Angela to take advantage of her own wrong.  See Prystash, 3 S.W.3d at 531.  








Additionally,
Angela argues that the trial court=s response to the
jury=s note resulted in
the introduction of new evidence or constituted a comment by the trial court on
factual matters and on the weight the jury should give to the photo of
herself.  A trial court, in communicating
the charge to the jury and responding to any jury questions, is
prohibited from expressing any opinion as to the weight of the evidence and
from  introducing new facts into
evidence.  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007), art.
38.05 (Vernon 1979).  A jury instruction
that comments on the weight of the evidence or that assumes a disputed fact is
impermissible.  Whaley v. State,
717 S.W.2d 26, 32 (Tex. Crim. App. 1986); Davis v. State, 955 S.W.2d
340, 351 (Tex. App.CFort Worth 1997, pet. ref=d).  Here, however, taken as a whole, the trial
court=s
response was a legally correct statement of the law.  See, e.g., Krause v. State, No.
01-05-01136-CR, 2007 WL 2004940, at *8 (Tex. App.CHouston
[1st Dist.] July 12, 2007, pet. ref=d); Sanchez
v. State, No. 01-06-00519-CR, 2007 WL 1559851, at *8 (Tex. App.CHouston
[1st Dist.] May 31, 2007, pet. ref=d); Ryan
v. State, No. 06-07-00081-CR, 2007 WL 4118296, at *2 (Tex. App.CTexarkana
Nov. 21, 2007, no pet.) (mem. op., not designated for publication) (holding that a
trial court=s accurate statement of law in response to
a jury question was not grounds for reversal).

Angela
cites two cases to support her argument on this issue.  In one case, the trial court=s
response to a jury=s note went beyond the evidence
introduced and told the jury about the correctional facilities available in
which the defendant could serve any imposed sentence.  Daniell v. State, 848 S.W.2d 145, 147
(Tex. Crim. App. 1993).  In the other,
the trial court directly instructed the jury on the reliability of DNA evidence.  Matamoros v. State, 901 S.W.2d 470,
477 (Tex. Crim. App. 1995).  These cases
are not applicable here, where the trial court=s
instructions in response to the jury=s note
constituted a correct statement of the law concerning an exhibit admitted into
evidence without redaction or a limiting instruction.  Because the trial court did not err in its
instructions in response to the jury=s note, we
overrule Angela=s third issue.

 

 

 








VI.  Conclusion

Having
overruled Angela=s three issues, we affirm the
trial court=s judgment.

 

SUE WALKER

JUSTICE    

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:
February 7, 2008











[1]See Tex.
R. App. P.
47.4.