COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-157-CR

ANGELA KUHN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Angela Kuhn appeals her conviction for assault by causing bodily injury to a family member.  In three issues, Kuhn argues that the trial court erred by denying her motion for directed verdict, denying her motion for mistrial, and improperly communicating with the jury during jury deliberations.  We will affirm.

II. 
Factual and Procedural Background

In the summer of 2004, Angela and her husband, Tim Kuhn, were separated, and Tim was living with his mother, Sharon Kuhn.  By court order, Sharon had temporary custody of the couple’s two children.  Angela had visitation rights and would pick up the children from and return the children to Sharon’s house.  

In September 2004, Angela picked up the children from Sharon’s house for her regular visitation and asked to speak with Tim.  Sharon told Angela that Tim was not at the house.  Angela, although angered, left.  At the end of her visitation that evening, Angela returned the children to Sharon’s house.  Angela again asked to speak with Tim.  

Both Angela and Sharon testified that, at this point,
 they had a physical altercation (the testimony, however, about who first attacked whom varied between the two women).  Sharon’s husband broke up the fight and called the police.  Angela left before the police arrived. 

After making a police report, Sharon went to the emergency room for treatment of the injuries she had sustained in the fight.  Hospital records of Sharon’s emergency room visit along with pictures of Sharon’s injuries were admitted into evidence.  Likewise, Angela took a picture of the injuries she had sustained in the altercation, which the trial court also admitted into evidence at her request.  

After hearing all the evidence, the jury found Angela guilty of assaulting Sharon.  The trial court assessed Angela’s punishment at thirty days’ confinement.  Angela now appeals.

III.  Jurisdiction

In her first issue, Angela argues that the trial court erred by overruling her motion for a directed verdict of acquittal based on the State’s purported failure to invoke the trial court’s jurisdiction by failing to prove that the offense occurred in the State of Texas.  

The State may establish a trial court’s jurisdiction by presenting circumstantial evidence that an element of the offense was committed in the state.  
Vaughn v. State
, 607 S.W.2d 914, 920 (Tex. Crim. App. 1980); 
Reger v. State
, 598 S.W.2d 868, 871 (Tex. Crim. App. 1980).  In this case, both Angela and Sharon testified that the incident took place at Sharon’s residence.  Sharon testified that she lived at a specific address on Turtle Creek Road in Wichita Falls and that her residence was in Wichita County.  The hospital records of Sharon’s emergency room visit, which were admitted into evidence, also reflect that Sharon lived on Turtle Creek Road (the address was the same as that given in her testimony) in “Wichita Falls, TX.”  

Based on this testimony and written evidence, the jury could have reasonably concluded that the physical altercation between Sharon and Angela took place in “Wichita Falls, TX,” meaning in Texas.  
See Vaughn
, 607 S.W.2d at 920; 
Walker v. State
, 195 S.W.3d 250, 257-58 (Tex. App.—San Antonio 2006, no pet.) (holding that evidence that the offense occurred at a particular address in Guadalupe County was sufficient to establish jurisdiction in the state of Texas); 
James v. State
, 89 S.W.3d 86, 89 (Tex. App.—Corpus Christi 2002, no pet.) (holding that evidence that the offense occurred in the city of Beaumont and Jefferson County was sufficient to circumstantially establish jurisdiction in Texas).  Accordingly, we overrule Angela’s first issue.

IV.  Mistrial

In her second issue, Angela argues that the trial court erred by not granting her motion for mistrial following Sharon’s testimony that when Angela picked up the children on the day of the incident, she appeared to be “on something.”  

An appellate court reviews a trial court’s ruling on a motion for mistrial using an abuse of discretion standard.  
Webb v. State
, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  The appellate court views the evidence in the light most favorable to the trial court’s ruling and upholds the trial court’s ruling if it was within the zone of reasonable disagreement.  
Id.
; 
Wead v. State
, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  The appellate court does not substitute its judgment for that of the trial court but rather decides whether the trial court’s decision was arbitrary or unreasonable.  
Webb
, 232 S.W.3d at 112.

Mistrial is appropriate only for highly prejudicial and incurable errors.  
Simpson v. State
, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).  A trial court may grant a mistrial when it is faced with an error so prejudicial that the expenditure of further time and expense would be wasteful and futile.  
Id.  
The general rule, however, is that any error in the admission of improper evidence may be corrected by withdrawing the evidence and instructing the jury to disregard it.  
See Rojas v. State
, 986 S.W.2d 241, 250-51 (Tex. Crim. App. 1998).

When a trial court strikes evidence and instructs the jury to disregard it, in the absence of evidence indicating that the members of the jury failed to do so, 
the jury is presumed to have followed the trial court’s instruction.  
See Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); 
State v. Boyd
, 202 S.W.3d 393, 402 (Tex. App.—Dallas 2006, pet. ref’d).

Here, Angela specifically objected to, and bases her second issue on, the following exchange between Sharon and the prosecutor:

[Prosecutor]: Okay.  And again, the visitation time for her to 

pick up was --

[Sharon]: 6:00 p.m.

[Prosecutor]: --okay.  And just in your -- in your opinion, how  was Angela acting when she picked up the kids?

[Sharon]: She was agitated, angry, kind of wanting to have a confrontation out front in front of the kids.  And she said she wanted to talk to my son, and I said he’s not home.  And she called me a liar, which he really was at work at that time.  And she said when I get back – when I bring the kids back I will talk to him.  And then she peeled off and left.  And it was my opinion that she was on 
-

[Prosecutor]: Well --

[Sharon]: -- something
 --

At this point, Angela’s attorney objected.  During the bench conference on the objection, the prosecutor explained that he had tried to interrupt Sharon and stop her from expressing her opinion on whether Angela had ingested any drugs that evening.  After hearing the arguments of both sides, the trial court sustained Angela’s objection, struck the comment from the record, and instructed the jury to disregard Sharon’s comment, but the trial court denied Angela’s motion for mistrial.  

Sharon’s remark was brief and unsolicited by the State.  Furthermore, as requested by Angela, the trial court struck the remark and instructed the jury to disregard it.  We are required to presume that the jury followed the trial court’s instruction to disregard Sharon’s remark; Angela has offered no evidence to rebut such a presumption.  
See Ladd
, 3 S.W.3d at 567.  Furthermore, Sharon’s brief remark was speculative and was not of such a highly prejudicial character that it was wasteful and futile to continue the trial.  
See Simpson
, 119 S.W.3d at 272.  
Compare State v. Boyd
, 202 S.W.3d 393, 403 (Tex. App.—Dallas 2006, pet. ref’d) (holding that a trial court did not abuse its discretion by granting a mistrial when the jury, reviewing the evidence during deliberations, discovered material indicating a prior conviction for the same offense as charged at trial), 
with
 
Rojas
, 986 S.W.2d at 250-51 (holding that a trial court did not abuse its discretion by refusing to grant a mistrial when the witness inadvertently speculated about the defendant’s background).  Accordingly, the trial court did not abuse its discretion by refusing to grant Angela’s motion for mistrial.  
See Webb, 
232 S.W.3d at 112;
 Simpson
, 119 S.W.3d at 272, 274.  We overrule Angela’s second issue.

V.  Angela’s Photograph

In her third issue, Angela complains of two notes that the trial court sent to the jury during deliberations.  She claims that the notes resulted in the introduction of new evidence or constituted a comment by the trial court on factual matters and on the weight to be given a photo of her injuries that she submitted as evidence.  

At trial, if a party does not request a limiting instruction, a piece of evidence is admitted for all purposes.  
Tex. R. Evid. 
105(a).  Once evidence is received without a proper limiting instruction, it becomes part of the general evidence in the case and may be used as proof to the full extent of its rational persuasive power.  
Cole v. State
, 46 S.W.3d 427, 432 (Tex. App.—Fort Worth 2001, pet. ref’d).  A party cannot enter evidence for all purposes and then, on appeal, object to the trial court’s proper instruction to consider the evidence for all purposes.  
See 
Tex. R. Evid.
 105(a) (providing that “in the absence of such a request [for a limiting instruction] the court’s action in admitting such evidence without limitation shall not be a ground for complaint on appeal”); 
Cole
, 46 S.W.3d at 432;
 
see also Prystash v. State
, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (explaining the invited error doctrine, under which a 
party responsible for the trial court’s action may not take advantage of the error on appeal by using the error as a basis for reversal of the judgment).

Here, the photograph of Angela’s injuries that she offered and that was admitted into evidence has machine-generated numbers on the back of it.  During deliberations, the jury noticed the numbers on the back of the photograph and sent a note to the trial court asking, “Can we consider the dates on the back of the pictures?”  In response, the trial court said, “Yes, it is in evidence and you may consider any or all of the picture you choose.”  The jury next asked, “If so, please clarify the dates on Angela’s picture.”  To this, the trial court responded, “The exhibit speaks for itself.”  Angela objected to the trial court’s responses as “allowing the [jury’s] consideration of the -- the unexplained numbers on the back of the picture.”  

From the jury’s note, Angela speculates that the jury interpreted the particular number sequence, “20040328,” which was one of five machine-generated number sequences on the back of the photo, as a date of March 28, 2004, and she further speculates that the jury erroneously concluded that the date was either the date the photo was taken or the date the photo was developed.  If the jury did indeed assume that the number sequence represented the date of March 28, 2004, and was either the date that the photo was taken or was developed, then the probative value of Angela’s evidence was undermined.  She had testified that the picture was of the injuries inflicted by Sharon in September 2004, almost half a year 
after 
the date of March 28, 2004.  Angela argues that “by responding affirmatively to the question of whether the dates on the back of the photographs could be considered, [the trial court] allowed the jury to continue to assume that the numbers actually represented dates when no evidence was ever presented to that effect.”  

Angela’s failure to redact the machine-generated numbers on the back of the photo before offering it into evidence 
or to request a limiting instruction that the jury consider only the front of the photo resulted in the admission of the photo for all purposes and allowed the jury to consider the entire photo, including the back
.  
See 
Tex. R. Evid.
 105(a).  Angela cannot now complain that the jury considered numbers on the back of an exhibit that she offered without any limiting instruction—to hold otherwise would permit Angela to take advantage of her own wrong.  
See Prystash
, 3 S.W.3d at 531.  

Additionally, Angela argues that the trial court’s response to the jury’s note resulted in the introduction of new evidence or constituted a comment by the trial court on factual matters and on the weight the jury should give to the photo of herself.  A trial court, in communicating the charge to the jury and responding to any jury questions, 
is prohibited from expressing any opinion as to the weight of the evidence and from  introducing new facts into evidence.  
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon 2007), art. 38.05 (Vernon 1979).  A jury instruction that comments on the weight of the evidence or that assumes a disputed fact is impermissible.  
Whaley v. State
, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986); 
Davis v. State
, 955 S.W.2d 340, 351 (Tex. App.—Fort Worth 1997, pet. ref’d).  Here, however, taken as a whole, the trial court’s response was a legally correct statement of the law.  
See, e.g., Krause v. State
, No. 01-05-01136-CR, 2007 WL 2004940, at *8 (Tex. App.—Houston [1st 
Dist.] July 12, 2007, pet. ref’d); 
Sanchez v. State
, No. 01-06-00519-CR, 2007 WL 1559851, at *8 (Tex. App.—Houston [1st 
Dist.] May 31, 2007, pet. ref’d); 
Ryan v. State
, No. 06-07-00081-CR, 2007 WL 4118296, at *2 (Tex. App.—Texarkana Nov. 21, 2007, no pet.) (mem. op., not designated for publication) 
(holding that a trial court’s accurate statement of law in response to a jury question was not grounds for reversal).

Angela cites two cases to support her argument on this issue.  In one case, the trial court’s response to a jury’s note went beyond the evidence introduced and told the jury about the correctional facilities available in which the defendant could serve any imposed sentence.  
Daniell v. State
, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993).  In the other, the trial court directly instructed the jury on the reliability of DNA evidence.  
Matamoros v. State
, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995).  These cases are not applicable here, where the trial court’s instructions in response to the jury’s note constituted a correct statement of the law concerning an exhibit admitted into evidence without redaction or a limiting instruction.  Because the trial court did not err in its instructions in response to the jury’s note, we overrule Angela’s third issue.

VI.  Conclusion

Having overruled Angela’s three issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE 

PANEL F: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 7, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.